Filed 9/14/21  P. v. Hester CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>RANDLE HESTER,<br><br>     Defendant and Appellant. | G058263<br><br>(Super. Ct. No. 06NF2588)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Kevin J. Lindsley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

Randle Hester challenges the trial court's summary denial of his petition for resentencing pursuant to Penal Code section 1170.95.[1]  Hester asserts the court improperly determined he was ineligible for resentencing as a matter of law and committed prejudicial error by failing to appoint counsel.  We disagree.  Because the record of conviction established Hester's ineligibility for resentencing as a matter of law, the failure to appoint counsel constituted harmless error.  We affirm the order denying his petition for resentencing.

FACTS

A detailed recitation of the facts is set forth in the prior opinion in this case. (*People v. Hester* (G041657, Nov. 30, 2010) [nonpub. opn.].)  In sum, Hester was involved in a gang drive-by shooting that resulted in a death.  At trial, the court only provided jury instructions as to direct aiding and abetting, and not regarding the natural and probable consequences theory of aiding and abetting liability.  The court also did not instruct the jury on felony murder.  The sole theories of first degree murder were premeditation and deliberation or shooting a firearm from a motor vehicle, which specifically required the factual finding that Hester "intentionally shot at a person who was outside the vehicle" and "[h]e intended to kill that person."

As relevant to the issues in this appeal, the jury convicted Hester of first degree murder (§ 187, subd. (a), count 1), shooting at an occupied motor vehicle (§ 246, count 2), conspiracy to commit murder (§ 182, subd. (a)(1), count 3), three counts of premeditated and deliberate attempted murder (§§ 664, subd. (a), 187, subd. (a), counts 5, 6, and 7), and street terrorism (§ 186.22, subd. (a), count 9).

As to count 1, the jury found true the special circumstances Hester committed the murder during a drive-by shooting (§ 190.2, subd. (a)(21)), and to further the activities of a criminal street gang (§ 190.2, subd. (a)(22)).  As to counts 1, 2, 5, 6,

---

[1]         All further statutory references are to the Penal Code.

2

and 7, the jury found true Hester vicariously discharged a firearm (§ 12022.53, subds. (c), (d) & (e)(1)).  As to all but count 9, the jury found true Hester committed the crimes for the benefit of a criminal street gang, East Coast Crips and Osage Legend Crips (§ 186.22, subd. (b)(1)).

The trial court sentenced Hester to life without the possibility of parole on count 1, and a consecutive term of 25 years to life for the firearm use enhancement.  The court imposed terms of life with the possibility of parole plus 20 years for counts 5, 6, and 7, to be served consecutively as to each other but concurrently with count 1.

In 2019, Hester filed a petition for resentencing pursuant to section 1170.95.  The trial court ruled without appointing counsel and summarily denied the petition, stating:  "The petition does not set forth a prima facie case for relief under the statute.  A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors."

On July 29, 2021, we issued an order requesting supplemental briefing addressing the extent to which the Supreme Court's recent opinion in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), applies to this case.  We received briefs from both parties.

DISCUSSION

I.  *S.B. 1437 and Section 1170.95*

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]  In addition to substantively amending sections 188 and 189 . . . Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be

3

convicted under the law as amended to retroactively seek relief." [Citation.] (*Lewis*, *supra*, 11 Cal.5th at p. 959.)

Section 1170.95, subdivision (a), provides, in relevant part, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ."

Under section 1170.95, if the petitioner makes a prima facie showing, the court must issue an order to show cause (OSC) and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner. (§ 1170.95, subds. (c), (d)(1).) A prima facie showing under section 1170.95 requires the following: (1) an accusatory pleading was filed against the petitioner allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he or she was convicted of first or second degree murder following a trial, or accepted a plea offer to first or second degree murder in lieu of trial, at which he or she could have been so convicted; and (3) that he or she could not be convicted of murder due to the amendments to sections 188 and 189. (§ 1170.95, subd. (a)(1)-(3).)

The "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, [subdivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980.) "If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision] (a), then the trial court should issue an order to show cause. [Citation.]" (*Id.* at pp. 980-981.) An order summarily denying a

4

section 1170.95 petition without issuing an OSC is a question of law subject to de novo review.  (*Id.* at p. 981.)

II.  *Analysis*

Hester argues the trial court erred by summarily denying his petition without appointing counsel or issuing an OSC.  However, even if the trial court errs by failing to appoint counsel, any such error is harmless if the defendant is not entitled to relief as a matter of law.  (*People v. Daniel* (2020) 57 Cal.App.5th 666, 673, rev. granted Feb. 24, 2021, S266336.)  Such is the case here.

During the pendency of this appeal, the Supreme Court issued its decision in *Lewis*, concluding a defendant's right to appointment of counsel attaches upon the filing of a petition that complies with the procedural requirements of section 1170.95.  (*Lewis*, *supra*, 11 Cal.5th at p. 952.)  Following *Lewis*, the trial court erred by reviewing the record of conviction and denying Hester's petition without first appointing counsel.  (*Ibid.*)  That, however, does not end our inquiry.

*Lewis* held the denial of a statutory right to counsel during the petition process was a violation of state law to be judged under the standard enunciated in *People v. Watson* (1956) 46 Cal.2d 818.  (*Lewis*, *supra*, 11 Cal.5th at pp. 957-958.)  In order to establish prejudice from the denial of counsel, a defendant must demonstrate it was ""reasonably probable that if [he] had been afforded assistance of counsel his [ ] petition would not have been summarily denied without an evidentiary hearing."""  (*Id.* at p. 974.)

Hester cannot establish prejudice because the only theories of first degree murder liability were premeditation and deliberation, or shooting from a motor vehicle, which also required a finding of intent to kill.  Indeed, the prosecution did not allege, and the jury was not instructed, as to a natural and probable consequence theory of aiding and abetting liability, nor was it instructed as to felony murder.  In his letter brief, Hester surmises failure to appoint counsel was prejudicial because an attorney could have "potentially uncovered information helpful to establishing the prima facie case" and

5

"could have assisted . . . Hester in making a prima facie factual case that his conviction for murder rests on now-forbidden natural and probable consequences reasoning." This argument is belied by the record. The jury was not instructed as to the natural and probable consequences theory of murder liability. Appointment of counsel would not have changed that fact. Any error in refusing to appoint counsel was harmless because Hester fails to demonstrate how he is eligible for resentencing on a murder theory eligible for resentencing.

Additionally, it is undisputed the jury convicted Hester of conspiracy to commit murder. Conspiracy is a specific intent crime, and conspiracy to commit murder requires that a conspirator personally have the specific intent to kill. (*People v. Swain* (1996) 12 Cal.4th 593, 602 (*Swain*).) Conspiracy to murder cannot be based on an implied malice theory. (*Id*. at p. 607.)

Thus, Hester's convictions for both conspiracy to commit murder and murder made it abundantly clear he acted with the specific intent to kill. (See *Swain*, *supra*, 12 Cal.4th at p. 607 ["conspiracy to commit murder requires a finding of intent to kill"].) There are no circumstances under which convictions for murder and conspiracy to commit murder would render Hester eligible for relief under section 1170.95. Accordingly, the trial court's failure to appoint counsel was harmless.

DISPOSITION

The postjudgment order is affirmed.


                                       O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


FYBEL, J.